UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ALICIA BEAUDOIN, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| VS. | ) Civil Action No: SA-15-CA-513-XR |
| | ) |
| BASS PRO OUTDOOR WORLD, LLC, | ) |
| | ) |
| *Defendants*. | ) |
| | ) |

**ORDER**

On this date, the Court considered its jurisdiction over this removed case. This Court has a duty to examine its subject matter jurisdiction, and must do so *sua sponte* when necessary. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

Plaintiff is an individual who brought this action against Defendant Bass Pro Outdoor World, L.L.C. in state court. Plaintiff's Original Petition alleges that "Defendant Bass Pro Outdoor World L.L.C. is a Missouri limited liability company." Docket no. 4-2 at II.

Defendant Bass Pro Outdoor World, L.L.C. removed this case, alleging diversity jurisdiction. In the Notice of Removal Defendant Bass Pro Outdoor World, L.L.C. alleges that it "is not a Texas resident because its state of incorporation is Missouri and its principal place of business is located in Springfield, Missouri. Therefore, the parties are sufficiently diverse to satisfy the first element of diversity jurisdiction." Docket no. 1 at ¶ 4.

For diversity jurisdiction to be proper, the "court must be certain that all plaintiffs have a different citizenship from all defendants." *Getty Oil Corp., a Div. of Texaco, Inc. v. Insur. Co. of*

1

*N.A.*, 841 F.2d 1254, 1258 (5th Cir.1988).  The party asserting federal jurisdiction must "distinctly and affirmatively allege" the citizenship of the parties.  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001); *see also Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009).

Plaintiff and Defendant agree that Defendant is an LLC.  The citizenship of an LLC depends on the citizenship of all its members.  *Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, LLC*, 757 F.3d 481, 483 (5th Cir. 2014); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("All federal appellate courts that have addressed the issue have reached the same conclusion: like limited partnerships and other unincorporated associations or entities, the citizenship of a LLC is determined by the citizenship of all of its members.").  Defendant has not alleged the citizenship of its members.  Accordingly, it has failed to affirmatively demonstrate that the parties are diverse.

Further, the Court refers first to the state court petition to determine the amount in controversy.  *See St. Paul Reinsurance Co. Limited. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).  "Where, as here, the petition does not include a specific monetary demand, [the removing party] must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000."  *Manguno v. Prudential Prop. & Cas. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount.  *Id.*

Plaintiff's Complaint asserts a claim for premises liability.  She alleges her foot got stuck such that when she pulled away she broke her leg and fell to the ground, requiring surgery.  Docket no. 4-2 at V.  Plaintiff is suing Bass Pro Outdoor World, L.L.C. for reasonable and necessary past and future medical expenses, "loss of past earnings," and past and future "physical pain, suffering,

and mental anguish." *Id*. at VII. The petition asks for discovery control plan 2 under the Texas Rules of Civil Procedure, which means Plaintiff is seeking more than $50,000. *Id.* at I.

In the Notice of Removal, Defendant noted that Plaintiff's Complaint claims that she suffered personal injury damages including "damages for past and future medical expenses, loss of past earnings, as well as past and future physical pain, suffering and mental anguish. Her medical damages claim includes the costs related to a broken right leg, which allegedly required surgery. Due to the nature of Plaintiff's claimed injury and medical treatment including surgery, her alleged damages are in excess of $75,000.00 even though Plaintiff has failed to list a specific amount in her pleadings."  Docket no. 1 at  ¶ 4. Defendant states no specific facts and attaches no summary judgment type evidence to support its assertion that the amount in controversy exceeds $75,000. Defendant fails to cite to any authority that would demonstrate similar allegations in a complaint and notice of removal are enough to confer jurisdiction on a federal court.

In *Gebbia v. Walgreens*, 233 F.3d 880 (5th Cir. 2000), the plaintiff alleged that she slipped and fell in liquid, sustained injuries to her right wrist, left knee and patella, and upper and lower back, and alleged damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement.  The Court held that it was facially apparent from the petition that the amount in controversy exceeded $75,000 at the time of removal.

In *Simon v. Walgreens*, 193 F.3d 848, 849-50 (5th Cir. 1999), the Fifth Circuit held that allegations that the plaintiff "suffered bodily injuries and damages including but not limited to a severely injured shoulder, soft-tissue injuries throughout her body, bruises, abrasions and other injuries to be shown more fully at trial, and has incurred or will incur medical expenses," as well as

a claim for loss of consortium, did not facially demonstrate that the amount in controversy would exceed $75,000. The court noted that the Complaint "alleged, with little specificity, damages from less severe physical injuries – an injured shoulder, bruises, and abrasions – and unidentified medical expenses for Simon, plus loss of consortium" but "did not allege any damages for loss of property, emergency transportation, hospital stays, specific types of medical treatment, emotional distress, functional impairments, or disability, which damages, if alleged, would have supported a substantially larger monetary basis for federal jurisdiction." *Id.* at 851.

Thus, the Fifth Circuit has generally held that when the petition alleges extensive injuries, it may be facially apparent that the amount in controversy exceeds $75,000. *See Hernandez v. USA Hosts, Ltd.*, 418 F. App'x 293, 294-95 (5th Cir. 2011). In contrast, where the complaint describes injuries and damages inadequately and without specificity, it will generally not be facially apparent. *Simon*, 198 F.3d at 851 (noting that Walgreens was faced with a complaint that described damages inadequately to support removal, *i.e*, with substantially less specificity than in other cases).

While Plaintiff's allegations of a broken leg and surgery may be enough to show by a preponderance of the evidence that the amount in controversy exceeds $75,000, the Court is unconvinced at this time.

28 U.S.C. § 1653 grants courts the authority and discretion to allow parties to cure defective allegations of jurisdiction. *Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 66 (5th Cir. 2010). Section 1653 should be liberally construed to allow a party to cure technical defects, including the failure to specifically allege the citizenship of the parties. *Id.* Defendant is therefore ordered to file an amended Notice of Removal that adequately alleges the citizenship of the parties and provides more specifics relating to the amount in controversy so that the Court may determine whether it has

diversity jurisdiction, no later than **July 13, 2015.**

This Order addresses defects in subject-matter jurisdiction only, and it does not relieve Plaintiff of her obligation to raise any procedural defects in removal within the thirty-day timeline prescribed by Section 1447(c), should she desire to seek remand on the basis of a procedural defect.

It is so ORDERED.

**SIGNED this 30th day of June, 2015.**

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE