UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALICIA BEUDOIN, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No.  SA-15-CV-513-XR |
| | § | |
| BASS PRO OUTDOOR WORLD, LLC, | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

## ORDER

On this day the Court considered Plaintiff's Motion for Remand (docket no. 7).  After careful consideration, the Court denies the motion.

### I.      Background

Plaintiff Alicia Beaudoin brings this premises liability case against Defendant Bass Pro Outdoor World, L.L.C., ("Bass Pro") for allegedly getting her foot caught in a display, falling, and suffering serious injury.  Beaudoin brought this action against Bass Pro in the 225th Judicial District Court of Bexar County, Texas under cause number 2015-CI-08779 on May 28, 2015. Docket no. 4-1.  Her Original Petition alleges that "Defendant Bass Pro Outdoor World L.L.C. is a Missouri limited liability company."  Docket no. 4-1 at Section II.  Bass Pro removed this case, alleging diversity jurisdiction on June 22, 2015.

In the Notice of Removal Defendant Bass Pro Outdoor World, L.L.C. alleged that it "is not a Texas resident because its state of incorporation is Missouri and its principal place of business is located in Springfield, Missouri. Therefore, the parties are sufficiently diverse to satisfy the first element of diversity jurisdiction."  Docket no. 1 at ¶ 4.  The Notice of Removal further noted "that Plaintiff's Complaint claims that she suffered personal injury damages

including damages for past and future medical expenses, loss of past earnings, as well as past and future physical pain, suffering and mental anguish. Her medical damages claim includes the costs related to a broken right leg, which allegedly required surgery. Due to the nature of Plaintiff's claimed injury and medical treatment including surgery, her alleged damages are in excess of $75,000.00 even though Plaintiff has failed to list a specific amount in her pleadings." *Id*.

The Court ordered Bass Pro to file an amended notice of removal because it had not sufficiently demonstrated the Court's diversity jurisdiction by July 13, 2015.  Bass Pro, as an LLC, had neither sufficiently shown the residency of all of its members, nor demonstrated to the Court the amount in controversy exceeds $75,000.  Docket no. 5.

On July 16, without an amended notice of appeal on file, Beaudoin filed this motion to remand.  Docket no. 7.  Beaudoin's arguments mirror the Court's previous Order, stating Bass Pro had not met its burden to show that the parties are completely diverse or the amount in controversy exceeds $75,000.  Docket no. 7.  On July 17, Bass Pro moved the Court to extend the deadline to amend its notice of removal to July 23, 2015, the same date it needed to respond to Beaudoin's motion, because it had not received notice of the Court's Order due to a technical error in the e-filing system.  Docket no. 8.  The Court granted that extension.  Bass Pro then amended its notice of removal with exhibits and responded to Beaudoin's motion on July 23. Docket nos. 11, 13, and 15.

## II.    Legal Standard

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction.  *See* 28 U.S.C. § 1441(a).  On a motion to remand, the court must consider whether removal was proper.  Removal is proper in

any case in which the federal court would have had original jurisdiction. *Id.* A federal court originally has subject matter jurisdiction over controversies involving disputes between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Citizenship of the parties and amount in controversy are based on the facts as they existed at the time of removal. *Louisiana v. Am. Nat. Prop. Cas. Co*., 746 F.3d 633, 636 (5th Cir. 2014). The court is only to consider the allegations in the state court petition; any amended complaints filed after removal are not considered. *Cavallini*, 44 F.3d at 264 (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) ("The second amended complaint should not have been considered in determining the right to remove . . . [removal] was to be determined according to the plaintiffs' pleading at the time of the petition for removal.")).

The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The removal statute is strictly construed in favor of remand. *Vantage Drilling Co. v. Hsin-Chi Su,* 741 F.3d 535, 537 (5th Cir. 2014) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

### III.     Analysis

For diversity jurisdiction to be proper, the "court must be certain that all plaintiffs have a different citizenship from all defendants." *Getty Oil Corp., a Div. of Texaco, Inc. v. Insur. Co. of N.A.*, 841 F.2d 1254, 1258 (5th Cir.1988). The party asserting federal jurisdiction must "distinctly and affirmatively allege" the citizenship of the parties. *Howery v. Allstate Ins. Co*., 243 F.3d 912, 919 (5th Cir. 2001); *see also Mullins v. TestAmerica, Inc*., 564 F.3d 386, 397 (5th Cir. 2009).

The original notice of removal did not include sufficient information, and Beaudoin's motion was based on this insufficiency. However, Bass Pro has now sufficiently shown that it is

completely diverse from Beaudoin. Bass Pro is "a wholly owned subsidiary of Bass Pro, LLC, a Delaware limited liability company. Bass Pro, LLC is a wholly owned subsidiary of Bass Pro Group, LLC, a Delaware limited liability company. Bass Pro Group, LLC is a wholly owned subsidiary of American Sportsman Holdings Co., a Missouri corporation. The principal place of business for American Sportsman Holdings Co. is located in Missouri." *See* docket no. 11 at ¶ 1; *see also* docket no. 11 Ex. A. Beaudoin is a citizen of Texas. American Sportsman Holdings Co. is a resident of Missouri for diversity purposes, and thus Bass Pro is a resident of Missouri for diversity purposes. Therefore, the parties are completely diverse.

Next, the Court addresses the amount in controversy. Courts refer first to the state court petition to determine the amount in controversy. *See St. Paul Reinsurance Co. Limited. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). "Where, as here, the petition does not include a specific monetary demand, [the removing party] must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Manguno v. Prudential Prop. & Cas. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount. *Id*. The Fifth Circuit has generally held that when the petition alleges extensive injuries, it may be facially apparent that the amount in controversy exceeds $75,000. *See Hernandez v. USA Hosts, Ltd.*, 418 F. App'x 293, 294-95 (5th Cir. 2011). In contrast, where the complaint describes injuries and damages inadequately and without specificity, it will generally not be facially apparent. *Simon v. Walgreens*, 193 F.3d 848, 849-50 (5th Cir. 1999) (noting that Walgreens was faced with a complaint that described damages inadequately to support removal, i.e, with substantially less specificity than in other cases).

The Court stated in its previous Order, "While Plaintiff's allegations of a broken leg and surgery may be enough to show by a preponderance of the evidence that the amount in controversy exceeds $75,000, the Court is unconvinced at this time." Beaudoin argues in her motion for remand that, "Because Defendant has failed to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000, it has failed to establish the second element of diversity jurisdiction." Docket no. 7 at ¶ 6.

In its amended notice of removal and response to the motion for remand, Bass Pro argues, "Plaintiff previously demanded an amount greater than $75,000 in settlement. *See* Exhibit B. Due to the nature of Plaintiff's claimed injury, medical treatment including surgery, and previous settlement demand, her alleged damages are in excess of $75,000." Docket no. 11 at ¶ 5; *see also* docket no. 15 ex. B. Exhibit B is a demand letter from Beaudoin's attorney asking for more than $300,000. Exhibit B also includes various attachments outlining medical expenses to support portions of the demand. The preponderance of the summary judgment evidence therefore establishes that more than $75,000 is in question here.

Because the parties are completely diverse and the amount in controversy exceeds $75,000, Bass Pro has properly invoked this Court's diversity jurisdiction. Beaudoin's motion for remand is denied.

### IV.    Conclusion

For the above stated reasons the Court DENIES Plaintiff's motion for remand (docket no. 7). An order and advisory from the Court asking the parties for scheduling recommendations is forthcoming.

It is so ORDERED.

SIGNED this 3rd day of August, 2015.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE